FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JAN 2 4 2018

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

STEVE BRADLEY                                                                    PLAINTIFF

V.                                     CASE NO. 4:18cv61-BRW

CLINTON SCHOOL DISTRICT; and
THE CITY OF CLINTON ARKANSAS                                      DEFENDANTS

## COMPLAINT

COMES now, the Plaintiff by and through his attorney Robert Newcomb and for his Complaint against the Defendants states:

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to the provisions of 28 U.S.C. §1331 to enforce rights granted the Plaintiff under the Fair Labor Standards Act 28 U.S.C. §201 *et seq.* .

2. Venue is proper in this Court in that the Plaintiff is a resident of Van Buren County, Arkansas and the Defendants are residents of Van Buren County, Arkansas which is located in the Eastern District of Arkansas.

### PARTIES

3. The Plaintiff is a resident of Van Buren County, Arkansas and was previously employed under a joint employment agreement by the Defendant as the school resource officer assigned to the Clinton Schools.

4. The Clinton School District was an employer within the means of 28 U.S.C. §203. The Clinton School District through its superintendent Andrew

This case assigned to District Judge Wilson
and to Magistrate Judge Kearney

Vining, supervised and controlled the Plaintiff's activities as the school resource officer.

5. The City of Clinton, Arkansas employed the Plaintiff as a police officer who was assigned to the Clinton Schools but paid by the City of Clinton after it received reimbursement from the Clinton School District for Plaintiff salary.

## FACTS

6. The Plaintiff was initially employed by the City of Clinton as a certified police officer on August 1st, 2003.

7. The hiring of the Plaintiff was for the purpose of him becoming the school resource officer at the Clinton Schools. The Clinton School District paid and set the Plaintiff's salary. The School Board yearly set the Plaintiff's salary.

8. The Plaintiff was a certified Arkansas law enforcement officer having graduated from the Arkansas Law Enforcement Academy in May of 1987 and subsequently was employed as a police officer for the City of Jonesboro until July 31st, 2003 at which time he resigned to assume the position of the school resource officer for the Clinton School District.

9. The Plaintiff was assigned to the Clinton Schools where he worked full time year round. His duties were controlled and directed by the Clinton School Superintendent.

10. The School Superintendent directed the hours of his work and the locations which included being present at after school hours activities including but not limited to footballs games, girl's and boys' basketball, volleyball,

baseball, softball, and track field, plus any other after school hour extracurricular activities occurring at the school including school sponsored dances.

11. The Plaintiff worked a number of hours in excess of the 43 hours per week as a law enforcement officer. Thereby under 28 U.S.C. § 203 (k) thereby earning compensatory time hours at the rate of one and half hours per hour for working in excess of 43 hours a week.

12. The Plaintiff had no problems accumulating taking his comp time and being fully credited with his comp time until the Spring of 2015.

13. In approximately March of 2015 Andrew Vining became School Superintendent for the Clinton School District.

14. In the summer of 2015 Mr. Vining objected and expressed his displeasure at the number of comp hours that the Plaintiff had accumulated.

15. At the first meeting between Superintendent Vining and the Plaintiff the Plaintiff was told he made too much money and the superintendent cut his salary by $10,000 a year and indicated that he did not think Plaintiff should accumulate compensatory hours or receive any compensation for overtime hours.

16. The Plaintiff explained to Superintendent Vining that as a law enforcement officer he was entitled to either comp hours or time and half pay under the Federal Wage and Hour Law.

17. Subsequent to the first meeting with Superintendent Vining the Plaintiff was periodically called into Mr. Vining's office and repeatedly

requested to sign a contract like a teacher's contract for a certain number of days of work at a flat salary without any compensatory time or over time. Superintendent Vinning did not like it when the Plaintiff would inform him that, in the Plaintiff's opinion the contract would not be legal under the Fair Labor Standards Act.

18. At the conclusion of the 2015/2016 school year the school maintenance superintendent requested the Plaintiff to help with power washing some of the school building, which the Plaintiff agreed to do.

19. After the Plaintiff started helping with the power washing Superintendent Vining called him into his office complaining about the amount of comp time he had and his unwillingness to sign a contract waiving his right to over-time. Superintendent Vining told him to take off the summer and use up the comp time but then several weeks later asked him to come in and help mow the school grounds.

20. As a result of the request of the school superintendent to mow, the Plaintiff had comp time still owed to him at the end of summer 2016.

21. In October 2016 School Superintendent, Mr. Vining, called the Plaintiff into the Superintendent's office.

22. In the October meeting Superintendent Vining wanted the Plaintiff to sign in effect a teachers contract waiving any future comp time and agreeing not to accumulate over-time even if he worked in excess of 43 hours in a week. The Plaintiff told the Superintendent that he was unwilling to waive his rights

to over-time therefore the Superintendent told the Plaintiff his services were no longer needed as the school resource officer.

23. The Plaintiff contacted School Board President Darla McJunkins about the actions of the superintendent and the over-time issue and received the reply, "I don't know much about those federal laws."

24. As a result of being terminated by the Clinton School District the Plaintiff was forced to return to the Clinton Police Department where his salary was again decreased and he was assigned to the midnight shift, with Tuesday, Wednesday, Thursday for days off.

25. The assignment was very undesirable and would cause a person to be reluctant to complain about their rights to over-time if they knew their salary was going to be cut, they were given a shift that was the least desirable, and given unfavorable days off.

26. The Plaintiff had the most experience as a law enforcement officer of those working for the City of Clinton and had been co-employed by the City of Clinton longer than any other officer.

27. The actions of the Superintendent, of the Clinton School District, and Chief of Police for the City of Clinton were such that it compelled the Plaintiff to retire before he maximized his retirement benefits.

28. The Plaintiff was participating in the DROP retirement program and was eligible to participate in it for an additional five years when he was forced to retire.

29. Subsequent to the firing of Plaintiff by the Clinton School District it attempted to hire a Van Buren County Deputy Sheriff to be a School Resource Officer and made a proposal to the County legislative body to pay for the deputy.

30. While working as the Resource Officer, Plaintiff was assigned a police car with lettering saying Clinton Police Department. One of the cars was owned by the City of Clinton and the other by the Clinton School District.

## DAMAGES

31. As a direct result of the actions of the Defendants in retaliating against the Plaintiff for asserting his rights under the Fair Labor Standards Act he lost his income suffering wage loss and continues to lose wages. The amount of lost income is undetermined at this point.

32. The Plaintiff lost as a result of his retaliation sick days and vacation days which his new employment does not provide him, in the Arkansas Statutes as a law enforcement officer he earns 15 days of vacation a year and 20 days of sick leave a year which can be accumulated and receive 60 days pay of sick days upon retirement.

33. The Plaintiff was receiving credit in the DROP program at a yearly rate of the loss for 5 additional years of DROP which is approximately $175,000.

34. The termination of the Plaintiff caused him emotional distress and humiliation for having been forced out of a law enforcement career that he had been in for 30 years and he should be awarded damages for the loss.

35. The Court should award the Plaintiff attorney's fees and court costs as provided for by law.

### JURY TRIAL DEMANDED

36. The Plaintiff hereby requests a trial by jury on all issues triable to the jury.

WHEREFORE, it is prayed that the Court will award the Plaintiff relief requested herein and such other relief he is entitled to including pre-judgement interest, court cost, litigation cost and attorney fees.

                                        Respectfully submitted,

                                        */s/ Robert A. Newcomb*

                                        Robert A. Newcomb, #73087
                                        Attorney at Law
                                        P.O. Box 149
                                        Little Rock, AR 72203
                                        robertnwcmb@aol.com
                                        P: 501-372-5577
                                        F: 501-372-6025