**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**STEVE BRADLEY**                                                                        **PLAINTIFF**

**v.**                                      **Case No. 4:18-cv-61-BRW**

**CLINTON SCHOOL DISTRICT; and
THE CITY OF CLINTON, ARKANSAS**                            **DEFENDANTS**

**SEPARATE DEFENDANT CLINTON SCHOOL DISTRICT'S
ANSWER TO COMPLAINT**

COMES NOW Separate Defendant Clinton School District ("District") by and through its attorneys Bequette & Billingsley, P.A., and for its Answer to Plaintiff's Complaint, states:

1. The District admits jurisdiction is proper before this Court but denies the Fair Labor Standards Act is found at 28 U.S.C. § 201 *et seq.*, rather it is found at 29 U.S.C. § 201 *et seq.*

2. The District is without information as to Plaintiff's current residence, but admits venue is proper before this Court.

3. The District denies the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4. The District denies the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5. The District admits the City of Clinton, Arkansas employed the Plaintiff as a police officer who was assigned to the District as part of his duties, but denies Plaintiff was paid by the City of Clinton only after it received reimbursement from the District. The District denies all other allegations in Paragraph 5 of Plaintiff's Complaint.

6. The District is without specific information or belief to admit or deny the allegations contained in Paragraph 6 of Plaintiff's Complaint, and therefore denies the same.

7. The District denies the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. The District is without specific information or belief to admit or deny the allegations contained in Paragraph 8 of Plaintiff's Complaint, and therefore denies the same.

9. The District denies the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. The District denies the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. The District denies the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12. The District denies the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. The District admits the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14. The District denies the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15. The District denies the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16. The District denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17. The District denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18. The District denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19. The District denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20. The District denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21. The District denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22. The District denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23. The District is without specific information or belief to admit or deny the allegations contained in Paragraph 23 of Plaintiff's Complaint, and therefore denies the same.

24. The District denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25. The District denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26. The District is without specific information or belief to admit or deny the allegations contained in Paragraph 26 of Plaintiff's Complaint, and therefore denies the same.

27. The District denies the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28. The District is without specific information or belief to admit or deny the allegations contained in Paragraph 28 of Plaintiff's Complaint, and therefore denies the same.

29. The District denies the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30. The District admits in part and denies in part the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31. The District denies the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32. The District denies the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33. The District denies the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34. The District denies the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35. The District denies the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36. The District joins Plaintiff in a demand for a trial by jury on all issues triable by a jury.

37. The District denies all claims, allegations and prayers for relief in the WHEREFORE clause of Plaintiff's Complaint.

38. The District denies all allegations of Plaintiff's Complaint not specifically admitted.

39. The District reserves the right to plead further.

**AFFIRMATIVE DEFENSES**

1. The District affirmatively pleads all defenses available pursuant to Fed. R. Civ. Rule 12(b).

2. The District affirmatively states that Plaintiff's claims are barred by principles of statutory and governmental immunity.

3. The District affirmatively pleads that Plaintiff has not taken appropriate steps to mitigate any alleged damage and therefore is entitled to no damages whatsoever.

4. The District affirmatively pleads as a defense the applicable statute of limitations.

5. The District affirmatively states that Plaintiff's claims for equitable or declaratory relief, if any, are barred as a matter of law.

6. The District affirmatively states that all actions taken by it with regard to Plaintiff were in good faith.

7. Plaintiff's action or inactions preclude assertion of Plaintiff's present claims. The District affirmatively states that this action is frivolous, unreasonable, and groundless, and accordingly, the District is entitled to reasonable attorney's fees and other costs associated with the defense of this action.

8. The District asserts that it acted reasonably and in compliance with the law at all times relevant hereto.

9. The District affirmatively pleads the affirmative defense of laches.

10. The District affirmatively states that Plaintiff's claims and the remedies sought are barred by the doctrine of unclean hands.

11. The District affirmatively states that Plaintiff and the remedies sought are barred by the principle of estoppel.

12. The District affirmatively states that any alleged violations of law attributed to any employee of the District were committed, if at all, outside the scope of that employee's employment with the District.

13. The District affirmatively states that it did not authorize any unlawful acts of which Plaintiff complains.

14. The District affirmatively states that Plaintiff's Complaint fails to state a claim upon which relief may be granted.

15. The District affirmatively states that it is entitled to absolute tort immunity from liability pursuant to the immunity granted and codified in Ark. Code Ann. § 21-9-301.

16. The District affirmatively states that although it was not Plaintiff's employer, to the extent Plaintiff's actions include a claim for regular or overtime wages for time spent traveling to or from the actual place where Plaintiff performed duties, or a claim for activities preliminary or postliminary to the activities for which Plaintiff was employed, such time is not compensable under the Fair Labor Standards Act.

17. The District affirmatively states that although it was not Plaintiff's employer, to the extent Plaintiff knowingly worked "off the clock," it has committed a terminable offence under the District's policies and practices and Plaintiff is barred from recovery.

WHEREFORE, Separate Defendant Clinton School District, prays that Plaintiff's Complaint be dismissed and that he take nothing thereby; for its attorney's fees and costs incurred herein; and for all other appropriate relief to which Defendant may be entitled.

Respectfully submitted,

BEQUETTE & BILLINGSLEY, P.A.
425 West Capitol Avenue, Suite 3200
Little Rock, AR 72201-3469
Phone: (501) 374-1107
Fax:    (501) 374-5092
E-mail: jbequette@bbpalaw.com
E-mail: ckees@bbpalaw.com


By: /s/ Cody Kees
    Jay Bequette, Bar Number 87012
    Cody Kees, Bar Number 2012118

Attorneys for Defendant


## CERTIFICATE OF SERVICE

I hereby certify that on March 1, 2018, I electronically filed the foregoing with the Clerk of the Court using the eFlex electronic filing system, which shall send notification of such filing to the following:

Robert A. Newcomb
Attorney at Law
PO Box 149
Little Rock, AR 72203
Phone:  (501) 372-5577
Fax:  (501) 372-6025
robertnwcmb@aol.com

      **/s/ Cody Kees**