UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**STEVE BRADLEY**                                                                       **PLAINTIFF**

**V.**                                **CASE NO. 4:18-CV-61-BRW**

**CLINTON SCHOOL DISTRICT; and**
**THE CITY OF CLINTON, ARKANSAS**                                      **DEFENDANTS**

<u>**ANSWER**</u>

Comes now, separate defendant, City of Clinton, Arkansas ("the City"), by and through its attorney, Amanda LaFever, and for its Answer to Plaintiff's Complaint, states:

1. Paragraph one (1) of Plaintiff's Complaint is jurisdictional in nature, and as such, no response is required; however, should a response be deemed necessary, the City denies same due to its full and complete denial of any and all wrongdoing alleged. The City specifically denies that it has violated Plaintiff's rights or any provision of the Fair Labor Standards Act, codified at 29 U.S.C. § 201 *et seq.*

2. Paragraph two (2) of Plaintiff's Complaint is jurisdictional in nature, and as such, no response is required; however, should a response be deemed necessary, the City denies same due to its full and complete denial of any and all wrongdoing alleged.

3. Upon information and belief, the City admits that Plaintiff is a resident of Van Buren County, Arkansas; that Plaintiff was employed as a school resource officer ("SRO"); that the SRO position was the subject of several agreements between the City and separate defendant the Clinton School District ("District") from the position's inception until Plaintiff separated from that position; and that Plaintiff was, for the majority of his employment, assigned to the District as the SRO. The City denies any remaining allegations contained in paragraph three (3) of Plaintiff's Complaint.

4. The City admits that Plaintiff's daily activities, when acting as the SRO, were under the direction and supervision of the District by means of its representative or agent, in the form of the superintendent or principal, which for a duration of time, was superintendent Andrew Vining. The allegation that "the Clinton School District was an employer within the means of 28 U.S.C. § 203," does not appear to be applicable to the City and contains a legal conclusion; therefore, it does not appear to require a response from this defendant. The City affirmatively states that no definition of "employer" is found in what Plaintiff has identified as "28 U.S.C. § 203," but upon information and belief, that definition is located at 29 U.S.C. § 203.

5. The City admits that it initially employed Plaintiff for the purpose of acting as the SRO assigned to the District during the school year, and as a patrol officer during the time periods that school was not in session. The City admits that Plaintiff's initial employment was funded in whole then in part by a federal grant for the first three years of his employment. The City admits that Plaintiff was compensated via a City payroll check and that the City was reimbursed the funds for Plaintiff's compensation by the District.

6. The City admits that Plaintiff was initially employed on August 1, 2003 by the City to fill the SRO position, which required a certified police officer, and that Plaintiff was a certified police officer.

7. The City admits that the hiring of Plaintiff was for the purpose of him becoming the SRO at the Clinton Schools. The City admits that over the course of Plaintiff's employment, the District did at times, pay Plaintiff's compensation. The City denies that the District, for the duration of Plaintiff's employment, set his rate of compensation.

8. The City admits that Plaintiff was an Arkansas certified law enforcement officer; and, that upon information and belief, he graduated from the Arkansas Law Enforcement Academy

in *September 1986*, and he subsequently was employed as a police officer for the City of Jonesboro until *July 30, 2003*. The City can only assume, based on the timing, that Plaintiff left his employment with the City of Jonesboro police department to begin working for the City of Clinton on August 1, 2003.

9. The City denies as pled that "Plaintiff was assigned to the Clinton Schools where he worked full-time year round." The City admits that in large part, Plaintiff's daily duties were directed by the Clinton School Superintendent or principal when Plaintiff was actively working at a school or a school function.

10. The City admits that by and large, the District Superintendent directed the hours of Plaintiff's work, as well as the locations, which included being present at after regular school hours' activities, including but not limited to, football games, girls' and boys' basketball, volleyball, baseball, softball, and track and field, plus other after regular school hour extracurricular activities occurring at the school, including school-sponsored dances.

11. The City admits that over the course of Plaintiff's employment, he at times worked in excess of 43 hours per week, for which, he was lawfully and properly compensated at all times. The City admits that, to the extent that Plaintiff worked in excess of 43 hours per week, he was lawfully and properly compensated at a rate of one and one half hours per hour worked. The City affirmatively states that there is no "28 U.S.C. § 203(k)" provision dealing with compensation.

12. The City admits that prior to the Spring of 2015, Plaintiff had no problems accumulating or taking his comp time and being fully credited with his comp time. The City denies that it failed to properly or lawfully compensate Plaintiff during the Spring of 2015 or at any time thereafter. The City affirmatively states that it has complied with the FLSA regarding its interactions with Plaintiff and regarding Plaintiff's compensation and employment at all times.

13. Upon information and belief, the City admits that Andrew Vining became interim superintendent for the District April 17, 2015, and was officially hired as the superintendent on July 21, 2015.

14. Regarding the allegations contained in paragraph fourteen (14) of the Complaint, the City admits that the current Mayor of the City of Clinton, Richard McCormac, was and is generally aware, by virtue of second-hand information, that Mr. Vining had "objected and expressed his displeasure at the number of comp hours that the Plaintiff had accumulated."

15. The City is without sufficient information or knowledge to admit or deny what occurred at "the first meeting . . . between Superintendent Vining and the Plaintiff"; therefore, the allegations contained in paragraph fifteen (15) of the Complaint are denied.

16. The City is without sufficient information or knowledge to admit or deny what "Plaintiff explained to Superintendent Vining"; therefore, the allegations contained in paragraph sixteen (16) of the Complaint are denied.

17. The City admits that Mayor McCormac was told by Plaintiff that Vining had talked to Plaintiff about signing some sort of contract; however, the City is without sufficient information or knowledge to admit or deny the nature and extent of any face to face encounters or conversations between Vining and Plaintiff or Vining's reaction thereto. Any remaining allegations contained in paragraph seventeen (17) of the Complaint are denied.

18. Upon information and belief, the City admits that Plaintiff has previously power washed some school buildings.

19. To the extent applicable to the City, the City is without sufficient information or knowledge to admit or deny the allegations contained in paragraph nineteen (19) of the Complaint; therefore, they are denied. The City affirmatively states that Plaintiff was instructed to keep up

with his time, with respect to any work performed, and that the City lawfully and properly compensated Plaintiff.

20. The City is without sufficient information or knowledge as to what Plaintiff means when he refers to "the end of summer 2016" and it is further without sufficient information or knowledge to admit or deny the allegations as pled in paragraph twenty (20) of Plaintiff's Complaint; therefore, they are denied.

21. The City is without sufficient information or knowledge to admit or deny the allegations contained in paragraph twenty-one (21) of the Complaint; therefore, they are denied.

22. To the extent applicable to the City, the City admits that Plaintiff told Mayor McCormac that Vining had talked to Plaintiff about signing some sort of contract; however, the City is without sufficient information or knowledge to admit or deny the exact nature and extent of any face to face encounters or conversations between Vining and Plaintiff or Vining's reaction thereto. The City admits that around October 2016, Plaintiff called Mayor McCormac and told him that Vining had "fired him." Any remaining allegations contained in paragraph twenty-two (22) of the Complaint are denied.

23. The City is without sufficient information or knowledge to admit or deny the allegations contained in paragraph twenty-three (23) of the Complaint; therefore, they are denied.

24. The City admits that when the District made clear that it no longer wished to utilize Plaintiff as the school resource officer, that in order for Plaintiff to keep his employment with the City as a law enforcement officer, Plaintiff was worked into the patrol shift schedule in the only spot that was available at the time, which was the midnight shift, with Tuesdays, Wednesdays, and Thursdays off. The City admits that Plaintiff's hourly rate was decreased at two points in time

during his employment, but denies that it was done in violation of the FLSA, or for any retaliatory or unlawful purpose.

25. The City denies the allegations contained in paragraph twenty-five (25) of Plaintiff's Complaint.

26. Upon information and belief, the City admits that Plaintiff had the most law enforcement experience of those working for the City of Clinton.

27. To the extent applicable to the City, it denies the allegations contained in paragraph twenty-seven (27) of the Complaint.

28. To the extent applicable to the City, it denies the allegations as pled contained in paragraph twenty-eight (28) of the Complaint.

29. Upon information and belief, the City admits that when the District ceased utilizing Plaintiff as the SRO, that the District took steps to utilize a Van Buren County Deputy Sheriff as the SRO, and that a proposal to that effect was made to the "county legislative body." The City denies any remaining allegations contained in paragraph twenty-nine (29) of the Complaint.

30. The City admits that initially, while working as the SRO, Plaintiff was assigned a City patrol unit. The City denies that for the duration of Plaintiff's time as SRO, that he was assigned or drove a police car with lettering saying, "Clinton Police Department." The City affirmatively states that the District purchased a car for the SRO's use, which was assigned and utilized by Plaintiff.

31. The City denies that it has retaliated against Plaintiff or violated any provision of the FLSA regarding Plaintiff's employment or compensation. The City denies all allegations applicable to it contained within paragraph thirty-one (31) of Plaintiff's Complaint.

32. The City admits that, pursuant to Arkansas Statutes, law enforcement officers are permitted a certain number of vacation days and sick days, and under certain circumstances, those days may be accumulated to a degree, and may be, to a degree, paid out upon retirement. The City affirmatively states that the statutes speak for themselves. The City is without sufficient information or knowledge regarding Plaintiff's current employment benefits; thus, any allegations in that regard are denied. The City denies that it retaliated against Plaintiff, and further denies any and all wrongdoing alleged in paragraph thirty-two (32) of Plaintiff's Complaint and any and all allegations that it has damaged or owes damages to Plaintiff.

33. The City is without sufficient information or knowledge to admit or deny the allegations contained in paragraph thirty-three (33) at this time; therefore, they are denied.

34. The City denies the allegations contained in paragraph thirty-four (34) of Plaintiff's Complaint.

35. The City denies the allegations contained in paragraph thirty-five (35) of Plaintiff's Complaint.

36. The City recognizes that Plaintiff has requested a trial by jury.

37. The City denies that Plaintiff is entitled to any relief from it whatsoever, including but not limited to the relief prayed for in the paragraph beginning "WHEREFORE."

38. The City denies each and every allegation not specifically admitted herein.

39. The City reserves the right to plead further upon additional investigation and discovery, to include a counter-complaint or amended answer.

## **ADDITIONAL & AFFIRMATIVE DEFENSES**

1. Plaintiff's Complaint fails to state facts or a claim upon which relief may be granted; therefore, the Complaint should be dismissed.

2. The City is entitled to tort, good faith, statutory, and punitive damages immunity under all applicable doctrines of immunity pursuant to state and federal law, including but not limited to, Ark. Code Ann. § 21-9-301.

3. The City asserts that it did not retaliate against Plaintiff or violate any provision of the FLSA.

4. The City asserts that Plaintiff's compensation was decreased for lawful and proper reasons and that Plaintiff was not "forced" to retire.

5. The City asserts that it has not violated Plaintiff's rights in any way.

6. The City asserts that none of Plaintiff's damages resulted from any custom, policy, or practice of the City of Clinton, Arkansas.

7. The City asserts that to the extent Plaintiff sustained damages, the damages are a direct and proximate result of Plaintiff's own conduct.

8. The City asserts the defenses of privilege and justification to the extent they may apply.

9. Plaintiff's claims are barred by accord and satisfaction, payment, or release.

10. The City asserts the *de minimis* doctrine, to the extent applicable.

11. As deemed applicable, the City asserts the affirmative defenses of *res judicata*, collateral estoppel, issue preclusion, and claim preclusion.

12. City Defendant pleads all defenses, as found applicable, pursuant to Fed. R. Civ. P. 8(c), including but not limited to the statute of limitations.

13. Plaintiff has failed to mitigate his damages.

14. Plaintiff failed to follow and/or exhaust his administrative remedies.

15. The City reserves the right to plead further as may become necessary.

16. The City reserves the right to amend or supplement this pleading as defenses become apparent or available during the course of litigation and as discovery progresses.

WHEREFORE, the City prays that this Court dismiss Plaintiff's Complaint against it and for all other just and proper relief to which there is entitlement.

        Respectfully submitted,

        **CITY OF CLINTON, ARKANSAS**
        **SEPARATE DEFENDANT**

BY:   */s/ Amanda LaFever*
        Amanda LaFever, Ark. Bar No. 2012133
        Attorney for Defendants
        P.O. Box 38
        North Little Rock, AR 72115
        TELEPHONE: 501-978-6117
        FACSIMILE: 501-978-6554
        EMAIL: ALaFever@arml.org

## **CERTIFICATE OF SERVICE**

I, Amanda LaFever, hereby certify that on March 2, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notification of such filing to all participants listed below:

Robert Newcomb
P.O. Box 149
Little Rock, AR  72203
T: 501-372-5577
F: 501-372-6025
robertnwcmb@aol.com

        */s/ Amanda LaFever*
        Amanda LaFever, Ark Bar No. 2012133